UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:25-cv- 62647-WPD

YANYUN INDUSTRIAL LIMITED,

    Plaintiff,

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION, et. al.,

    Defendants.

_____/

## ORDER ADOPTING AND APPROVING REPORT OF MAGISTRATE JUDGE; ENTERING TEMPORARY RESTRAINING ORDER

THIS CAUSE is before the Court on Plaintiff Yanyun Industrial Limited's ("Plaintiff")'s Motion for an Ex Parte Restraining Order and/or Injunction to Prevent the Release of Cargo ("Motion") [DE 6], filed on December 23, 2025, and the January 7, 2026 Report and Recommendation by Magistrate Judge Patrick Hunt (the "Report") [DE 14]. An ex parte hearing was held on the Motion on January 6, 2026. Magistrate Judge Hunt recommended granting the Temporary Restraining Order and enjoining Defendant U.S. Customs and Border Protection ("CBP") from releasing the disputed cargo to anyone except Plaintiff. The Report found, *inter alia*, that irreparable harm would result if CBP released the subject cargo—135,000 kilograms of sugar—to third parties; doing so would interfere with Plaintiff's contractual agreement with the Optimus defendants. *See* [DE 14].

On January 26, 2026, the United States Customs and Border Patrol ("CBP") filed an "Objection" to the Report and Recommendation [DE 29]. CBP's "Objection" appears to seek correction and clarify of several factual findings but does not directly object to the Magistrate

1

Judge's conclusions. *See* [DE 29]. CBP contends that no entry documents have been filed for the merchandise—contrary to the importing requirement that formal entry must be filed for merchandise exceeding the value of $2,500 within 15 days—and as such CBP has had no occasion on which to release the merchandise. Thus, the merchandise has been moved into a General Order Warehouse, or a "G.O. Warehouse" designated for "Challenge Warehousing." [DE 29] p. 4. Plaintiff filed a response to CPB's "Objection" on February 2, 2026. [DE 30], in which he does not contest in substance the factual clarifications provided by CBP.

On February 4, 2026, CBP expressly filed a "Non-Objection to Plaintiff's Motion for Preliminary Injunction," indicating it "does not object to a preliminary injunction preventing the release of the subject merchandise in this matter up until and including April 8, 2026," at which point the merchandise is "deemed abandoned, and CBP may take legal title and give interested parties an opportunity to claim the merchandise and make entry or export it." [DE 31].

For their part, Defendants Optimus Agro Agribusiness Ltda and Optimus Agro Agribusiness LLC have not filed any objections, and the time in which to do so has passed.

The Court has conducted a *de novo* review of the Report [DE 14] and record and is otherwise fully advised in the premises. The Court agrees with the Magistrate Judge's conclusions; they are adopted and deemed incorporated into this opinion. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993). However, a district judge "accept, reject, or modify, in whole or in part, the *findings* or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (emphasis added). Thus, the findings are modified to the extent that:

1. CBP has not refused to release merchandise as there has been no occasion to do so because entry paperwork has not yet been filed, which has caused the merchandise to be moved over to the G.O. warehouse. *See* [DE 29] p. 4.

2. Optimus Defendants are unable to release the cargo by themselves, without action from CBP. CBP would release the cargo, provided the requisite paperwork, duties, charges, and fees are paid. *Id.*

3. CBP, pursuant to 19 U.S.C. § 1491, may take legal title to the merchandise that has remained in a G.O. Warehouse for six months. *Id.*

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report [DE 14] is hereby **ADOPTED AND APPROVED** to the extent outlined above;

2. Plaintiff's Motion for Ex Parte Restraining Order and/or Injunction to Prevent the Release of Cargo [DE 6] is **GRANTED** to the extent that:

    a. A Temporary Restraining Order is entered against CBP. CBP is **ENJOINED** from releasing the disputed cargo to anyone except Plaintiff.

    b. This Temporary Restraining Order will expire on the date set by the Magistrate Judge for a hearing on any impending motion for preliminary injunction, <u>which must be separately filed.</u>

    c. If Plaintiff does not file a separate motion for preliminary injunction by February 10, 2026, or the Magistrate Judge does not set a hearing by February 11, 2026, this Temporary Restraining Order will expire by its own terms **February 20, 2026.**

3. Plaintiff is **DIRECTED** to serve a copy of this Order on all Defendants and file a notice of compliance in the record within three days.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of February, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record